```
                                FILED
                            BILLINGS DIV.

                        2007 NOV 16  PM 2 12

                        PATRICK E. DUFFY, CLERK
                        BY _____
                              DEPUTY CLERK
```

# UNITED STATES DISTRICT COURT

# FOR THE DISTRICT OF MONTANA

# BILLINGS DIVISION

| | |
|---|---|
| MARILYN L. GOSSENS,<br><br>    Plaintiff,<br><br>v.<br><br>MICHAEL J. ASTRUE,<br>Commissioner of Social Security,<br><br>    Defendant. | Case No.: CV-07-153-BLG-RFC-CSO<br><br>**FINDINGS AND RECOMMENDATION OF U.S. MAGISTRATE JUDGE THAT MOTION TO PROCEED IN FORMA PAUPERIS BE DENIED** |

Before the Court is Plaintiff's Motion for Leave to Proceed In Forma Pauperis (Court's Doc. No. 1). In her Motion, Plaintiff reports that she works two nights per week and is paid usually about $698 each month ($349 every two weeks).[1] She also

---

[1] The caption of Plaintiff's Motion to Proceed In Forma Pauperis indicates that Plaintiff is "a minor." In light of other information in the motion, including the representation that Plaintiff is employed, owns a home and vehicle, and receives retirement benefits, the Court assumes that Plaintiff's designation as "a minor" is an inadvertent error.

1

reports that she receives $822 in Social Security Retirement benefits and $206.18 pension payments each month. She also has $120 in a checking account, and owns a mobile home of unknown value for which she paid $23,000 seven years ago. She also owns a 1998 Buick for which she paid $7,000 last year, but for which she makes monthly payments of an unstated amount. She also indicates that there are not other persons dependent upon her for support.

To qualify for *in forma pauperis* status, a civil litigant must demonstrate that he or she "cannot because of his poverty pay or give security for the costs and still be able to provide himself and dependents with the necessities of life." Adkins v. E.I. DuPont de Nemours & Co., 335 U.S. 331, 339 (1948); Bulled v. Pallavicini, 19 F.3d 1439 (9th Cir. 1994). In light of the financial information contained in Plaintiff's motion, the Court cannot find that she is entitled to proceed *in forma pauperis*. See Sears, Roebuck and Co. v. Charles W. Sears Real Estate, Inc., 865 F.2d 22, 23 (2nd Cir. 1988); United States v. Valdes, 300 F.Supp.2d 82 (D.D.C. 2004); Failor v. Califano, 79 F.R.D. 12, 13 (M.D.Pa. 1978). By rough calculation, Plaintiff's monthly income appears to be $1,726.18. She has no dependents. Although her motion does not specify her monthly expenses, the amount of her monthly income appears satisfactory to provide her with the necessities of life. Adkins, 335 U.S. at 339. Thus, she is not entitled to proceed in forma pauperis.

The denial of a motion to proceed *in forma pauperis* is a final judgment, and a magistrate judge may not enter this final judgment absent consent of the parties. See Tripati v. Rison, 847 F.2d 548 (9th Cir. 1988)(citing 298 U.S.C. § 636(c)). Accordingly,

the following recommendation is made.

## RECOMMENDATION

Plaintiff's Motion to Proceed In Forma Pauperis (Court's Doc. No. 1) should be **DENIED**. Pursuant to 28 U.S.C. § 636(b)(3), Plaintiff may not file objections to these findings with the district court. See Minetti v. Port of Seattle, 152 F.3d 1113, 1114 (9th Cir. 1998).

DATED this 16th day of November, 2007.

CAROLYN S. OSTBY
UNITED STATES MAGISTRATE JUDGE

3